## Nanticoke Redevelopment Authority
## v. Stavitski

*Donald D. McFadden,* for plaintiff.

*Hugh F. Mundy,* for defendants.

ASTON, J., August 10, 1971.—This matter comes before the court pursuant to preliminary objections filed by one condemnee herein to the declaration of taking of the condemnor herein.

Initially, it is the contention of the condemnor that condemnee's preliminary objections should be dismissed, since they were not filed within 30 days of service of declaration of taking. With this contention, we cannot agree.

Section 406 of the Eminent Domain Code of June 22, 1964, P. L. 84, states:

"(a) Within thirty days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. . . ."

Section 405 of the Eminent Domain Code of 1964 states:

"(b) The notice shall be served within or without the Commonwealth, by any competent adult, in the same manner as a complaint or writ or summons in assumpsit, or by certified or registered mail, to the last known address of the condemnee. . . ."

Rule 106 of the Pennsylvania Rules of Civil Procedure provides:

"(a) When any period of time is referred to in any rule, such period in all cases, except as otherwise provided in Rules 107 and 108, shall be so computed as to exclude the first and include the last day of such period.

"(b) Whenever the last day of such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."

In the instant case, condemnor's affidavit of service indicates that condemnee was served with a declaration of taking on March 12, 1971. The thirtieth day from the day of service, excluding the first day and including the last day of the period is April 11, 1971, a Sunday. Since Rule 106 of the Pennsylvania Rules of Civil Procedure indicates that a Sunday, if the last day of the period, is to be excluded, April 12, 1971, was the final day for condemnee to file preliminary objections. Condemnee's preliminary objections were filed on April 12, 1971, the last permissible day for doing so, and, hence, were timely filed. Accordingly, condemnor's preliminary objections are dismissed, and this court must consider the merits of condemnee's preliminary objections.

Condemnee has chosen to pursue only two preliminary objections, these being, in essence, that condemnor's taking was discriminatory and that the taking was an abuse of condemnor's discretion. Condemnee has alleged in the objection that neighboring properties of like character have been rehabilitated while condemnee's has been taken and that the determination by condemnor that condemnee's property could not be feasibly rehabilitated amounted to a breach of administrative discretion. These issues raised by condemnor's preliminary objections are factual as well as legal issues. The court cannot pass on the factual issues until depositions are submitted.

## ORDER

It is ordered that the preliminary objections of the Redevelopment Authority of the City of Nanticoke are dismissed and the condemnee is directed to proceed by depositions to take testimony in support of the allegations contained in condemnee's preliminary

objections, said depositions to be filed within 30 days hereof and thereafter the parties are directed to proceed in accordance with the Pennsylvania Rules of Civil Procedure.